IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

PATRICIA WILCOX,                          )
                                          )
                    Plaintiff,            )     TC-MD 120754D
                                          )
          v.                              )
                                          )
LANE COUNTY ASSESSOR,                     )
                                          )
                    Defendant.            )     **DECISION OF DISMISSAL**

This matter is before the court on Defendant's motion to dismiss, filed as part of its Answer on September 28, 2012.

A case management conference was held on October 16, 2012. Plaintiff appeared on her own behalf. Daniela Urbatzka (Urbatzka) appeared on behalf of Defendant.

Plaintiff stated that in September 2005, her aunt who owned the property identified as Account 0210490 (subject property) died and left the subject property to Plaintiff's brother. Plaintiff stated that her brother moved into the subject property and within a few months he died, making Plaintiff the subject property's owner. Plaintiff stated that she "worked with an attorney to take care of what [she] thought were all the details to the transferring the responsibility of ownership and notifying all parties to that transfer." (Ptf's Ltr, Sept 11, 2012.)

Plaintiff stated that she allowed her granddaughter, who was a single mother, to live in the subject property. After finding that the subject property was in foreclosure, Plaintiff stated that her granddaughter admitted to returning to "sender" any mailed addressed to Plaintiff's aunt, Monica G. Smith (Smith), the original owner of the subject property. Urbatzka stated that she contacted the Department of Revenue, the administrator of the Senior and Disabled Deferral Program (Program), after Plaintiff stated that the subject property was in the Program during the

time Smith owned the subject property. Urbatzka stated that the Department of Revenue reported sending eight notices, including a disqualification letter and annual property tax statements for tax years 2008, 2009, 2010, and 2011, to the subject property's address beginning in June 2007 through December 2011. Urbatzka stated that the "tax statements have been going to the property's situs address for more than 12 years now. ORS 311.533 requires that each owner keep the tax collector informed of address changes." (Def's Ans, Sept 28, 2012.)

Plaintiff requests that the court waive the foreclosure fees. Defendant requests that "all charges be allowed and the case be dismissed," stating that "[a]ll charges on this account are pursuant to the statutes which govern Assessment and Taxation activities." (*Id*.)

During the case management conference, the parties discussed Plaintiff's requested relief. The court stated that it is unaware of any law that grants it authority to waive lawfully assessed foreclosure fees. In response, Plaintiff stated that she had done the "best she could" in transferring the property and was unaware until the foreclosure that title had not been transferred to her. Plaintiff stated she understood that the appeal would be dismissed. Now, therefore,

IT IS THE DECISION OF THIS COURT that this matter be dismissed.

Dated this ____ day of October 2012.

_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*
*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*
*This document was signed by Presiding Magistrate Jill A. Tanner on October 17, 2012. The Court filed and entered this document on October 17, 2012.*